UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERTON GEORGE YAHN, | No. C-13-0855 EMC (pr) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| AUDREY KING, Acting Executive Director, | |
| Respondent. | |

## I. INTRODUCTION

Merton George Yahn filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 to challenge the ongoing proceedings in Lake County Superior Court to civilly commit him under California's Sexually Violent Predator Act ("SVPA"), *see* Cal. Welf. & Inst. Code § 6600 *et seq.* His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rules 1 and 4 of the Rules Governing Section 2254 Cases.

## II. DISCUSSION

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are

vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petition under § 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007).

This action was filed in the U.S. District Court for the Eastern District of California, and that court ordered Respondent to respond to the petition. The U.S. District Court for the Eastern District of California was the only district court with jurisdiction over this action because that was the district within which Petitioner was confined and his custodian was located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.")[1] At respondent's request, the action then was transferred to the Northern District of California. By requesting the transfer, respondent has waived any challenge to personal jurisdiction. "[I]t is well-recognized that personal jurisdiction – unlike subject-matter jurisdiction – may be waived." *Smith v. State of Idaho*, 392 F.3d 350, 355 (9th Cir. 2004) (State of Idaho waived lack of personal jurisdiction where petitioner named state itself rather than his immediate custodian in § 2254 action).

The petition presents the following claims: (1) Petitioner was denied his right to substantive and procedural due process under the U.S. Constitution by the state's failure to provide a timely re-commitment hearing; (2) Petitioner was denied his federal constitutional right to equal protection "when he was denied the same rights or treatment as other similarly situated persons," Docket # 1, p. 4; and (3) Petitioner's right to due process was violated because the "SVP Act fails to provide the protection necessary to have a case tried within a meaningful time." *Id.* Liberally construed, the

---

[1] Where a California petitioner challenges a criminal conviction or sentence in his habeas petition, the action may be brought in either the district of confinement or conviction, *see* 28 U.S.C. § 2241(d). That section does not apply here because Petitioner is not in custody pursuant to a "judgment and sentence of a State court," 28 U.S.C. § 2241(d).

2

claims for federal constitutional violations appear to be cognizable in a federal habeas proceeding and warrant a response.

The petition alleges that Petitioner's detention violates his rights under California law as well as under the U.S. Constitution. The state law claims are dismissed because this Court may not grant habeas relief for state law errors; as relevant here, the writ is available only on the ground that Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a)(3). *Cf. Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) ("the habeas statute [28 U.S.C. § 2254(a)] 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" )

### III.  CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **June 21, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **July 19, 2013**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

///

///

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: April 23, 2013

_____
EDWARD M. CHEN
United States District Judge