UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERTON GEORGE YAHN, | No. C-13-0855 EMC (pr) |
| Petitioner, | |
| v. | **ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |
| AUDREY KING, Acting Executive Director, | **(Docket No. 22)** |
| Respondent. _____/ | |

## I.  INTRODUCTION

Merton George Yahn filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the proceedings in Lake County Superior Court to civilly commit him under California's Sexually Violent Predator Act ("SVPA"), *see* Cal. Welf. & Inst. Code § 6600 *et seq.* Respondent now moves to dismiss the action, arguing that the pretrial detainee's petition complaining about the delay in holding a trial has become moot because a trial has now been held.

## II.  BACKGROUND

When Mr. Yahn filed this action, he was in custody waiting for a trial on the SVPA civil commitment proceedings. He was not challenging the earlier proceedings that had led to his two earlier civil commitments for two-year terms. In his § 2241 petition filed on July 2, 2012, Mr. Yahn stated that "[n]o conviction or commitment has taken place" and that he was "[a]waiting trial." Docket # 1 at 2. The § 2241 petition presented the following claims: (1) Mr. Yahn was denied his right to substantive and procedural due process under the U.S. Constitution by the state's failure to provide a timely re-commitment hearing; (2) Mr. Yahn was denied his federal constitutional right to

equal protection "when he was denied the same rights or treatment as other similarly situated persons," Docket # 1 at 4; and (3) Mr. Yahn's right to due process was violated because the "SVP Act fails to provide the protection necessary to have a case tried within a meaningful time." *Id.*

### III. DISCUSSION

Before discussing the mootness issue, the Court explains why this case was not dismissed at the outset under the abstention doctrine from *Younger v. Harris*, 401 U.S. 37 (1971), which is often applied to speedy trial claims from pretrial detainees. *See, e.g., Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012). This Court did not apply the *Younger* abstention doctrine when it initially reviewed Mr. Yahn's petition because the then-controlling law was *Knight v. Ahlin*, No. 10-56211, slip op. at 4-6 (9th Cir. March 13, 2013), *withdrawn*, 714 F.3d 1117 (9th Cir. May 21, 2013), in which the Ninth Circuit held that *Younger* abstention did not require the district court to abstain from hearing a habeas petition from a pretrial detainee claiming extreme delay in the SVPA commitment proceedings. The *Knight* court reasoned that *Younger* abstention "fundamentally requires an *ongoing* state proceeding," *Knight*, slip op. at 5, whereas Knight's proceedings could not be characterized as "ongoing" due to the extreme delay and years of inaction, as well as the state court's determination to postpone consideration of the SVPA case pending a decision in federal court. After this Court issued the order to show cause on Mr. Yahn's petition alleging an extreme delay in bringing him to trial, the *Knight* opinion was withdrawn. *See Knight*, 714 F.3d 1117. Although *Knight* is no longer good law, if *Younger* abstention ever was appropriate, it no longer is because the SVPA commitment trial has taken place and there do not appear to be any ongoing state court proceedings. Having explained why this case was not dismissed under the *Younger* abstention doctrine, the Court now turns to the mootness question.

The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). Article III, section 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see,*

*e.g., McCullough v. Graber*, 726 F.3d 1057, 1059-60 (9th Cir. 2013) (habeas petition challenging rejection of petitioner's application to the elderly offender pilot program was moot because the pilot program no longer existed and the relief requested was no longer available).  A claim that has become moot must be dismissed.  *See McCullough*, 726 F.3d at 1059.  The party seeking dismissal bears a heavy burden to show that the action has become moot.  *See Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005).

Respondent now moves to dismiss the action as moot.  Respondent urges that, "[b]ecause [Mr. Yahn's] challenge was to the state's failure to hold a timely hearing, the only relief he could have obtained was an order to conduct the hearing."  Docket # 22 at 4.

Respondent views the writ of habeas corpus too narrowly in urging that the only relief this Court could possibly order is to order that the civil commitment trial take place.  The federal habeas court's powers are not so constrained, as the court must "dispose of the matter as law and justice require." 28 U.S.C. § 2243.  When a petitioner "has established a right to relief from some unlawful aspect of 'custody' in the broad sense, modern federal habeas corpus practice has moved towards full realization of the statute's 'law and justice' command and has recognized a wide variety of appropriate remedial orders." Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 33.1 (6th ed. 2011).  One such remedial order is an order for dismissal of the charges, such as when a court finds a violation of a petitioner's Sixth Amendment speedy trial right. *See Barker v. Wingo*, 407 U.S. 514, 522 (1972) (the remedy of dismissal of an indictment when the speedy trial right has been deprived "is more serious than an exclusionary rule or a reversal for a new trial, but is the only possible remedy"); *McNeely v. Blanas*, 336 F.3d 822, 832 (9th Cir. 2003) (finding a Sixth Amendment speedy trial violation and ordering that "Petitioner shall be immediately released from custody with prejudice to re-prosecution of the criminal charges").  Although there is scant authority on the remedies question in a habeas petition involving a civil commitment, a long

3

delay in pretrial detention may result in a remedy akin to the dismissal that was recognized as "the only possible remedy" in *Barker*.[1]

Respondent's cited cases fail to convince the Court that Mr. Yahn's petition has become moot. In *Blair v. Martel*, 645 F.3d 1151, 1157 (9th Cir. 2011), a federal habeas petition claiming appellate delay was filed before the state court appeal was decided. The petitioner asserted a denial of due process based on the delay in hearing the appeal and asked for an order compelling the California Supreme Court "to give him the appellate process due him under California law." *Id.* The Ninth Circuit saw the appellate delay claim as encompassing two parts. The first part of the claim was for the "present harm" of the "deprivation of his state-created right to an appeal." *Id.* That part of the claim "became moot when the California Supreme Court heard and decided Petitioner's appeal on the merits." *Id.* The second part of the claim was for the "future harm" of the "prejudice in the future to [petitioner's] ability to secure a reversal of his conviction on appeal, or a fair trial on remand" due to the appellate delay. *Id.* at 1157. That second part of the appellate delay claim was not rejected as moot and instead was rejected on the merits. *Id.* at 1158. The *Blair* case is distinguishable because the *Blair* petitioner's requested relief was an order compelling the appeal to be decided, whereas Mr. Yahn requests that the civil commitment petition be dismissed and that he be released from custody, rather than that this Court order the state court to hold the trial on the SVPA petition. *See Docket # 1 at 30.* Even if Mr. Yahn had also requested an order compelling the state to hold the SVPA trial, his trial delay claim would have two parts like the claim in *Blair*, and only one of the parts – i.e., for the present harm of not receiving the appeal or trial to which he was entitled – would have been made moot by the holding of the trial.

---

[1] The Sixth Amendment speedy trial rule in *Barker* does not apply directly to Mr. Yahn's case because he has not cast his pretrial delay claim as a claim for a violation of his Sixth Amendment right to a speedy trial. Also, it is unclear whether the Sixth Amendment right applies to civil commitment proceedings such as those under the SVPA. *See Allen v. Illinois*, 478 U.S. 364, 372 (1986) ("involuntary commitment does not itself trigger the entire range of criminal procedural protections"); (*United States v. Perry*, 788 F.2d 100, 118 (3d Cir. 1986) ("The speedy trial clause deals with the timeliness of criminal prosecutions, not civil commitment proceedings"). *But see Page v. Lockyer*, 200 F. App'x 727 (9th Cir. 2006) (analyzing and rejecting Sixth Amendment speedy trial claim from petitioner committed under SVPA).

4

Respondent's second case, *Fendler v. U.S. Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988), also is distinguishable. In *Fendler*, the petitioner filed a § 2241 petition challenging a parole denial and seeking his release on parole. The Ninth Circuit determined that the petition had become "moot because he has already been released on parole" and the petitioner did not challenge the validity of the underlying conviction. *Id.* at 555. Unlike the *Fendler* petitioner, Mr. Yahn has not yet received the relief he requests in his petition, i.e., release from custody.

There are some habeas petitions filed by pretrial detainees that do become moot once a trial and conviction occur, but the claims at issue are usually claims as to which no remedy remains once a conviction has occurred. For example, a habeas challenge to a pretrial bail decision becomes moot upon the petitioner's conviction. *See James v. Reese*, 546 F.2d 325, 328 (9th Cir. 1976) (post-conviction claim that pretrial bail was improperly denied was moot because it "refers to a prior detention" rather than his current incarceration due to the later conviction); *Medina v. People of State of California*, 429 F.2d 1392 (9th Cir. 1970) (dismissing appeal from order that granted petition for writ of habeas corpus upon a finding that bail was unconstitutionally revoked – the case became moot when, after filing the appeal, petitioner was tried and convicted in state court). As another example, a petition alleging claims of constitutional violations at a hearing leading to a temporary detention may become moot upon the petitioner's conviction. *See Barker v. Estelle*, 913 F.2d 1433, 1440 (9th Cir. 1990) (court refused to consider claims about due process violations at a pretrial detention hearing because that hearing produced only temporary detention, and the petitioner had later suffered a conviction, for which he was currently in custody). Unlike these cases, Mr. Yahn's petition did not become moot when the trial was held and he was civilly committed because a remedy appears to remain available for his due process and equal protection claims that challenge the lengthy delays in the SVPA commitment proceedings. Although this Court cannot order the state to hold a trial on the SVPA petition (because it has already occurred), dismissal remains a potential remedy if the pretrial delay claim is analyzed like a speedy trial claim.

Respondent fails to show that a trial is the only remedy available on Mr. Yahn's claim of an inordinate pretrial delay. That failure leads the Court to conclude that Respondent has not carried his heavy burden to demonstrate that the action has become moot.

5

## IV. **CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition is **DENIED**. Docket # 22. In order to move this action toward resolution, the Court now sets the following briefing schedule on the petition:

1. Respondent must file and serve upon Petitioner, on or before **March 14, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **April 11, 2014**.

It is likely that the reasons for the pre-trial delay will be relevant to the analysis of Petitioner's claims. Therefore, the parties are urged to provide a chronology of the proceedings, and explain the reasons for any postponements, continuances or other delays. *Cf. McNeely v. Blanas*, 336 F.3d 822 (9th Cir. 2003) (problems with inadequate record of state court proceedings hampered habeas court's consideration of petition and worked to the detriment of respondent, who bore the burden to explain the delays on a speedy trial claim). It also would aid the Court if Respondent submits a copy of the docket sheet from the civil commitment case, *People v. Yahn*, Lake County Superior Court Case No. CR 5509.

IT IS SO ORDERED.

Dated: January 28, 2014

EDWARD M. CHEN
United States District Judge
6