UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERTON GEORGE YAHN, | No. C-13-855 EMC (pr) |
| Petitioner, | |
| v. | **ORDER RECHARACTERIZING HABEAS PETITION** |
| AUDREY KING, Acting Executive Director, | |
| Respondent. | |

## I. INTRODUCTION

At the time Merton Yahn filed his petition for writ of habeas corpus under 28 U.S.C. § 2241, he was a pretrial detainee during civil commitment proceedings in the Lake County Superior Court under California's Sexually Violent Predator Act ("SVPA"), *see* Cal. Welf. & Inst. Code § 6600 *et seq.* After he filed his petition, Mr. Yahn was civilly committed under the SVPA, and remains in custody pursuant to that order of commitment. This order determines that the petition should be recharacterized as a petition governed by 28 U.S.C. § 2254 rather than by § 2241, explains the consequences of that recharacterization, and permits Mr. Yahn to choose whether to (1) proceed with consideration of only his existing claims, (2) amend to add any new claims he wants to present in a § 2254 petition, and (3) if necessary, seek a stay to exhaust any unexhausted claims that he wants to present in what is likely to be the only habeas petition the court will entertain regarding the civil commitment proceedings that led to his current custody.

## II. **DISCUSSION**

A. The Petition Will Be Recharacterized To Be A Petition Under § 2254

Two different statutes provide the authority for the issuance of a writ of habeas corpus, depending on whether the petitioner is a pretrial detainee or in custody pursuant to a judgment of a state court. The general grant of authority for the writ of habeas corpus for persons in state custody is found in 28 U.S.C. § 2241(c)(3), which provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." A more specific grant of habeas authority for a subset of persons in state custody is found in 28 U.S.C. § 2254(a), which provides: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

At the time Mr. Yahn filed this action, he was not in custody pursuant to the judgment of a state court and instead was a pretrial detainee. At that point in time, a § 2254 petition would have been improper because there was no state court judgment. Mr. Yahn later was committed and now is in custody pursuant to the judgment of the state court for his commitment under the SVPA. Respondent argues that the court should recharacterize the petition to match Mr. Yahn's current circumstances, i.e., since he now is in custody pursuant to a state court judgment, his petition should now proceed as a § 2254 petition. The Court agrees.

The judgment of commitment entered after Mr. Yahn filed his habeas petition means that he is now "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). When this unusual situation occurs, the proper approach is to recharacterize the petition as a petition governed by § 2254. *See Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). *Yellowbear* presented a situation quite similar to Mr. Yahn's situation. In *Yellowbear*, the petitioner filed a habeas petition under § 2241 during his criminal trial claiming that the "state court had no jurisdiction over him because the alleged crime was committed in Indian Country." *Id.* at 923. The district court dismissed the petition based on the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). After the petitioner was convicted, he appealed the judgment of conviction and later

appealed the dismissal of his § 2241 petition. *Yellowbear*, 525 F.3d at 923. The Tenth Circuit held that the intervening conviction required that the petition be recharacterized. "In its current posture, Mr. Yellowbear's claim that the state court lacked jurisdiction over him is an attack on his conviction and sentence. His petition must therefore be brought under § 2254." *Id.* at 924. The petitioner had been diligent in raising an important jurisdictional issue and did not need to start over and file a new § 2254 petition. The Tenth Circuit stated that it "would be inclined to recharacterize his § 2241 petition as a § 2254 petition and remand to the district court to address the issue in the first instance. But recharacterization involves 'potential consequences with respect to any § 2254 claim [a petitioner] may file in the future. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places strict limitations on second or successive claims.'" *Id.* at 924 (alteration in original; footnote and citations omitted). Thus, the Tenth Circuit remanded to the district court with directions to notify the *pro se* petitioner that the district court would recharacterize the pleading, to explain that this recharacterization would mean that any subsequent § 2254 petition would be subject to the restrictions on second or successive petitions, and to provide the petitioner an opportunity to withdraw the petition or to amend the petition to present all of his § 2254 claims. *Id.* at 925 (citing *Castro v. United States*, 540 U.S. 375, 383 (2003) (discussing requirements before a pleading may be recharacterized as a § 2255 motion from a federal prisoner)). The course of action described in the *Yellowbear* case is the best course of action for Mr. Yahn's case under the present circumstances.

Several Ninth Circuit cases have statements indicating that the prisoner's status at the time of filing is all that matters for selecting the jurisdictional basis for the habeas petition, but those cases are distinguishable from Mr. Yahn's situation. In *Stow v. Murashige*, 389 F.3d 880, 885 (9th Cir. 2004), the Ninth Circuit held that a pretrial habeas petition filed under § 2254 should have been treated as a petition filed under § 2241. "[B]ecause Stow was not 'in custody pursuant to the judgment of a State court' at the time he filed his petition, the threshold requirement for § 2254, we join four of our sister circuits in holding that Stow's habeas petition which raised a double jeopardy challenge to his pending retrial is properly treated under § 2241," and the "heightened standards" imposed by the AEDPA in § 2254(d) and (e) do not apply. *Id.* at 885-86. *See also Hoyle v. Ada*

1  *County*, 501 F.3d 1053, 1058 (9th Cir. 2007) (citing *Stow*, and holding that a pretrial petition filed
2  under § 2241 seeking relief on a pretrial double jeopardy challenge was not governed by § 2254(d)
3  and (e)); *McNeely v. Blanas*, 336 F.3d 822, 824-25 & n.1 (9th Cir. 2003) (notwithstanding parties'
4  treatment of the petition as a § 2254 petition, pretrial detainee's petition claiming a speedy trial
5  violation was under § 2241 because he was "not being held 'pursuant to the judgment of a State
6  court'"). *Stow*, *Hoyle*, and *McNeely* are factually distinguishable from Mr. Yahn's case because in
7  each of those three cases, the petitioner was still awaiting trial when the Ninth Circuit adjudicated
8  the appeal, whereas Mr. Yahn is no longer a pretrial detainee and instead is now in custody pursuant
9  to the judgment of the California court. *See Stow*, 389 F.3d at 882; *Hoyle*, 501 F.3d at 1058; *Hoyle
10 v. Ada Cnty. Dist. Ct.,* 2006 WL 319216, *2 (D. Idaho 2006) (describing procedural history of case
11 in more detail); *McNeely*, 336 F.3d at 824-25 n.2.  In other words, during the pendency of the
12 habeas petition and appeal, the *Stow, Hoyle* and *McNeely* petitioners never were "in custody
13 pursuant to the judgment of a State court," whereas Mr. Yahn is currently in custody "pursuant to
14 the judgment of a State court" and therefore fits within the definition of § 2254(a). *See Smith v.
15 Coleman*, 521 F. App'x 444 (6th Cir. 2013) (White, J. concurring) (noting that the petitioners in
16 *Stow* and similar cases from two other circuits "were not convicted in state court during the course
17 of their habeas proceedings and thus these cases do not address whether § 2254 would apply in that
18 situation").

19    The *Stow* and *Hoyle* cases also are distinguishable from Mr. Yahn's case for the separate
20 reason that the particular claim asserted in those habeas petitions is recognized as the only exception
21 to the *Younger* abstention doctrine which would otherwise require dismissal of a pretrial habeas
22 petition.  A claim that an upcoming second trial will violate the petitioner's double jeopardy right
23 not to be twice put to trial for the same offense may be raised in a pretrial habeas petition because
24 the harm sought to be avoided is the second trial and that makes the claim unique. *See Hartley v.
25 Neely*, 701 F.2d 780, 781 (9th Cir. 1983).  In both *Stow* and *Hoyle*, the petitioner claimed that an
26 upcoming trial would violate his right under the Double Jeopardy Clause not to be twice put to trial
27 for the same offense.  And in both *Stow* and *Hoyle*, the fact that the petition presented a double
28 jeopardy claim informed the court's decision to apply § 2241. *See Stow*, 389 F.3d at 885 ("habeas

petition which raised a double jeopardy challenge to his pending retrial is properly treated under § 2241"); *Hoyle*, 501 F.3d at 1058 (§ 2241 "empowers district courts to provide habeas relief on pretrial double jeopardy challenges").[1]  In contrast, Mr. Yahn asserts no such double jeopardy claim.

A statement in a more recent *en banc* decision from the Ninth Circuit casts doubt on the idea that custody at the time the petition is filed is determinative; the court observed that § 2254 did not apply to a prisoner's challenge to a potential retrial of the penalty phase in a death penalty case because § 2254 "applies only to individuals in 'custody pursuant to the judgment of a State court,' *and it is undisputed that the Nevada courts have not yet entered judgment* against Harrison." *Harrison v. Gillespie*, 640 F.3d 888, 897 (9th Cir. 2011) (emphasis added).  The emphasized portion of this statement suggests that, if the judgment had been entered after the petition was filed but before the petition was adjudicated, § 2254 would apply.

A policy reason also exists not to the date of filing to be determinative of whether § 2241 or § 2254 applies to a petition: such a rule could easily be manipulated to avoid the limitations of the AEDPA.  The court must construe pleadings from *pro se* litigants liberally, and often the habeas petitions that are filed *pro se* have a less-than-complete description of the procedural posture and relevant facts of the state court case.  For example, a criminal defendant could, upon the entry of a guilty verdict but before sentencing and the entry of judgment, file a habeas petition in which he provides bare-bones allegations of a speedy trial violation and other claims.[2]  If the date-of-filing is

---

[1] *McNeely* is not distinguishable under the reasoning that double jeopardy claims are unique because the *McNeely* petitioner (like Mr. Yahn) asserted a speedy trial claim in a pretrial habeas petition.  However, *McNeely* is unusual in that it did not address, let alone apply, the *Younger* abstention doctrine, which earlier Ninth Circuit cases had determined required the dismissal of pretrial petitions asserting speedy trial claims.  *See Brown v. Ahern*, 676 F.3d 899, 900-02 (9th Cir. 2012); *see also id.* at 903 (*McNeely* is best understood as resting on a waiver doctrine, i.e., the State had waived the abstention defense by failing to raise it, rather than discarding the rule that *Younger* abstention normally requires dismissal of pretrial petitions asserting speedy trial claims).  (As explained in an earlier order, Mr. Yahn's petition was not dismissed under the *Younger* abstention doctrine because of a then-applicable Ninth Circuit case that was withdrawn a few weeks after this Court did the initial review.  *See* Docket # 25 at 2.).

[2] Mr. Yahn's petition illustrates the problem of a *pro se* petition that doesn't clearly state the facts, but provides enough information to convince the district court that the petition should go forward.  Mr. Yahn's petition painted a picture of interminable pretrial detention as he had been in custody for five years on a civil commitment petition without a trial.  His petition did not, however, clearly explain that (a) a week before he filed the petition, his attorney had requested and obtained a six-month continuance of the trial date; (b) his attorney had requested several other continuances; (c)

deemed determinative, the petition forever will be characterized as a § 2241 petition and will avoid the limitations of the AEDPA.  The same petitioner could relitigate existing claims and present new claims in a § 2254 petition if the § 2241 petition fails, which could result in piecemeal litigation of habeas claims.

Having determined that *Stow*, *Hoyle* and *McNeely* are distinguishable, this Court finds *Yellowbear* persuasive and will follow it.  Mr. Yahn's petition will be recharacterized and treated as a § 2254 petition.

B.     Mr. Yahn Must Make Choices

There are important consequences that flow from the recharacterization of a petition of which a petitioner must be given notice.  *See Yellowbear*, 525 F.3d at 924-25.  First, a petition under § 2254 is subject to the rule against second or successive petitions.  A second or successive petition (i.e., a petition that raises claims already adjudicated or new claims not contained in an earlier petition) may not be filed in this Court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this Court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  The standards in § 2244(b) to proceed with a second or successive petition are difficult to meet, so a petitioner should include *all* his claims in his first petition.  Second, a petition under § 2254 will be subject to the stringent standards of review § 2254(d) and (e).  Mostly notably, relief may not be granted with respect to any claim adjudicated on the merits in state court unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Third, the one-year statute of limitations in 28 U.S.C. § 2244(d) applies to a habeas petition under § 2254.   Fourth, a § 2254 petitioner must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting his claims to the highest state court available to give that court a fair opportunity to rule on the merits of each and every claim the petitioner wants to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c).

---

Mr. Yahn had waived time limits early in the proceedings; and (d) almost three years of the "delay" was attributable to an appellate court ruling in another case against him.  Those facts only became clear after the parties submitted exhibits.

Mr. Yahn will be permitted to decide how to deal with the situation he now confronts. He has several choices. The first choice he faces is whether he wants to proceed with only the claims he presented in his original habeas petition or wants to amend it to add new claims to the three claims already asserted. If he wants to proceed with only the claims he presented in his original habeas petition, he should file a notice to that effect. If he wants to submit further briefing on the existing claims, he may do so at that time.

The choices are somewhat more complicated if Mr. Yahn wants to add new claims. If he wants to add new claims, Mr. Yahn must file an amended petition in which he alleges all his claims, including both the existing ones plus the new claims. If Mr. Yahn has not exhausted state court remedies for any of those new claims, his amended petition will be a "mixed" petition as it will contain both exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). This Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust). If there are unexhausted claims, and Mr. Yahn chooses to maintain those claims, Mr. Yahn will need to file a motion for a stay and abeyance of these proceedings so that he may return to state court to exhaust state court remedies for any unexhausted claim(s). In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78.

### III.  CONCLUSION

The habeas petition filed by Mr. Yahn is now recharacterized to be a petition under 28 U.S.C. § 2254. No later than **May 15, 2015**, Mr. Yahn must inform the Court whether he wishes to proceed with only the three claims asserted in his original petition or wishes to add any new claims. If Mr. Yahn wishes to add new claims, he should file an amended petition asserting all his existing and new claims. If any of his claims he intends to pursue are unexhausted, he should file a motion

7

for a stay the proceeding in federal court so that he may exhaust state court remedies for those unexhausted claims.

IT IS SO ORDERED.

Dated: April 21, 2015

_____
EDWARD M. CHEN
United States District Judge